FILED

07/07/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0393

DA 25-0393

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2026 MT 149N

KRIS HAWKINS,

      Plaintiff and Appellant,

  v.

NORTHWESTERN CORPORATION,
d/b/a NORTHWESTERN ENERGY,

      Defendant & Appellee.

APPEAL FROM:   District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DV-24-0090
Honorable Howard F. Recht and Honorable Kaydee Snipes Ruiz,
Presiding Judges

COUNSEL OF RECORD:

      For Appellant:

      Kris Hawkins, Self-Represented, Missoula, Montana

      For Appellee:

      Michael L. Rausch, Christy S. McCann, Browning, Kaleczyc, Berry
& Hoven, P.C., Great Falls, Montana

Submitted on Briefs: March 18, 2026

Decided:  July 7, 2026

Filed:

                    _____
                           Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Kris Hawkins, a self-represented litigant, on behalf of herself and on behalf of the Olson Trust as a trustee (collectively Hawkins) appeals from the Montana Twenty-First Judicial District Court's April 24, 2025 Order denying her motion to disqualify Northwestern Corporation's (Northwestern) counsel, granting Northwestern's motion to strike the joinder of Terry Wallace as a plaintiff, and granting Northwestern's September 2024 motion to dismiss.[1] Hawkins only appeals the Order to the extent that it did not allow Hawkins to join Wallace as a plaintiff and dismissed the case. We affirm.

¶3 In March 2024, Hawkins sued Northwestern and Rhoades & Erickson, PLLC (Rhoades), asserting numerous causes of action, including negligence, civil conspiracy, aiding and abetting criminal activity, actual fraud, actual malice, violations of the Montana Consumer Protection Act, abuse and exploitation, and intentional infliction of emotional distress. Hawkins supported these causes of actions by alleging that Northwestern improperly provided utility services to two parcels of real property that the Olson Trust purportedly owns. Hawkins named Rhoades as a defendant because the firm represented

---

[1] Whether Hawkins, who is not a licensed attorney, can represent the Olson Trust as a trustee is an issue that Northwestern argued to the District Court and an issue we do not reach for purposes of this appeal.

2

third parties who occupied one of the parcels of property, and the firm sent a letter to Hawkins to try to settle the dispute regarding the lawfulness of their clients' occupancy.

¶4　In April 2024, Northwestern moved to dismiss the case pursuant to M. R. Civ. P. 12(b)(2) and (5), which the District Court denied. Northwestern filed an answer addressing Hawkins's allegations and asserting affirmative defenses, including that Hawkins failed to state a claim upon which relief can be granted. In July 2024, the District Court issued an order granting Rhoades's motion to dismiss as to the claims that Hawkins asserted against it.[2] In September 2024, the District Court issued a case scheduling order that established procedural deadlines, including that additional parties must be joined by December 1, 2024.

¶5　On September 17, 2024, Northwestern filed a second motion to dismiss that requested the District Court dismiss Hawkins's case pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Northwestern also asserted that Hawkins could not represent the Olson Trust because she is not a licensed attorney. On October 3, 2024, Hawkins moved to strike Northwestern's motion, arguing that Northwestern could not file a second motion pursuant to Rule 12. On October 4, 2024, Hawkins moved the District Court to grant her additional time to conduct discovery and to respond to Northwestern's motion to dismiss because she argued that the District Court must treat Northwestern's motion as a motion for summary judgment because Northwestern presented matters outside the pleadings.

---

[2] Hawkins clarified through briefing that the only two claims she asserted against Rhoades were aiding and abetting criminal activity and civil conspiracy.

¶6      On October 15, 2024, Hawkins moved to disqualify the presiding judge, Judge Recht, pursuant to § 3-1-805, MCA, alleging that he communicated ex parte with Northwestern's counsel. Judge Recht denied Hawkins's motion because he determined that the motion was procedurally defective under § 3-1-805, MCA. Hawkins petitioned this Court for a writ of mandamus, asserting that Judge Recht erred by concluding her motion was procedurally defective and requesting this Court to assign a judge to preside over the disqualification motion and to stay all proceedings until the disqualification issue was resolved. Judge Recht continued to preside over the case and entered a judgment dismissing Rhoades from the case and certified the judgment as final for purposes of appeal. On January 1, 2025, we issued an order dismissing Hawkins's appeal of this judgment without prejudice because we concluded that the District Court erred by certifying the judgment as final for purposes of an appeal.

¶7      On January 6, 2025, Judge Kaydee Snipes Ruiz assumed jurisdiction of the case upon Judge Recht's invitation. We issued an order denying Hawkins's petition for a writ of mandamus because Judge Snipes Ruiz's assumption of jurisdiction mooted Hawkins's petition. At a February 6, 2025 scheduling conference, Judge Snipes Ruiz, Hawkins, Northwestern's counsel, and Rhoades's counsel discussed whether the September 2024 case scheduling order should be modified. Northwestern moved to vacate the September 2024 scheduling order's remaining deadlines as of February 6, 2025, which the District Court never ruled upon.

¶8      On February 13, 2025, Hawkins filed in the District Court a document titled "Joinder of Party Plaintiff" that asserted she joined "Terry Wallace, the co-Trustee of the

4

Olson Trust, as a Plaintiff" pursuant to M. R. Civ. P. 20. Northwestern moved to strike the joinder, arguing that the September 2024 scheduling order's deadline to join additional parties had passed and that Hawkins did not substantively support joining Wallace as a plaintiff. Hawkins responded by moving to vacate the entire September 2024 scheduling order, arguing that the multiple pending motions and the matters involving Judge Recht's potential disqualification established good cause to modify the scheduling order. On February 24, 2025, Northwestern moved to stay discovery and requested a protective order in response to receiving discovery requests from Hawkins.

¶9 The District Court held a hearing on April 3, 2025, to address the pending motions, including Northwestern's motion to strike the joinder of Wallace, Northwestern's motion to dismiss, and Hawkins's motion for extension of time and motion to strike Northwestern's motion to dismiss. Wallace and Hawkins testified to the joinder issue.[3] On April 24, 2025, the District Court issued an order that was dispositive of all the pending motions before it. The District Court dismissed the case pursuant to Montana Uniform District Court Rule 2(c) because Hawkins failed to file a response brief to Northwestern's motion to dismiss. The District Court did not permit Hawkins to conduct additional discovery because it treated Northwestern's motion to dismiss as a motion to dismiss rather than a motion for summary judgment. The District Court did not join Wallace as a plaintiff because it reasoned that Hawkins's joinder was untimely pursuant to the September 2024

---

[3] Hawkins did not order the transcript of this hearing so the minutes from this hearing constitute the only document in the record on appeal that documents the testimony provided at the April 3, 2025 hearing.

5

scheduling order, that Hawkins failed to establish good cause to modify the scheduling order, and that Hawkins did not provide a sufficient basis for joinder under M. R. Civ. P. 20.

¶10 We review judicial disqualification questions de novo to determine whether the district court's decision was correct under the Montana Code of Judicial Conduct. *Draggin' Y Cattle Co., Inc. v. Addink*, 2016 MT 98, ¶ 10, 383 Mont. 243, 371 P.3d 970 (*Draggin' Y I*) (citations omitted). "Our inquiry into disqualification requires an objective examination of the circumstances surrounding potential judicial disqualification and an accurate interpretation of the Montana Code of Judicial Conduct." *Draggin' Y I*, ¶ 10 (citation and internal quotations omitted).

¶11 We review a district court's order granting or denying a motion pursuant to Montana Uniform District Court Rule 2(c) for abuse of discretion. *See In re Marriage of Marez & Marshall*, 2014 MT 333, ¶ 36, 377 Mont. 304, 340 P.3d 520 (citation omitted). We review a district court's ruling on whether to allow joinder of a party for an abuse of discretion. *In re Est. of Burns*, 2023 MT 253, ¶ 9, 414 Mont. 365, 540 P.3d 1029 (citations omitted). A district court abuses its discretion if "it acts arbitrarily, without employment of conscientious judgment, or exceeds the bounds of reason resulting in a substantial injustice." *Est. of Burns*, ¶ 9 (citation omitted).

¶12 Hawkins argues the District Court should be reversed on multiple grounds, including (1) that Judge Snipes Ruiz lacked jurisdiction over the underlying case because she accepted jurisdiction upon Judge Recht's invitation, (2) that ruling upon

Northwestern's second motion to dismiss was improper under the Montana Rules of Civil Procedure, and (3) that the District Court erred by not joining Wallace as a plaintiff.

¶13 "Rule 2.12 of the Montana Code of Judicial Conduct and §§ 3-1-803, and -805, MCA, govern[ ] judicial disqualification." *Draggin' Y I*, ¶ 18 (citations omitted). Section 3-1-805, MCA, sets forth the procedure that governs a disqualification issue once a party files an affidavit that contains factual allegations showing the presiding judge's personal bias or prejudice, including that the presiding judge will proceed no further in the case once a party files a sufficient affidavit, that the matter shall be referred to the Montana Supreme Court, and the Chief Justice shall assign a district judge to hear the disqualification issue. *Draggin' Y Cattle Co., Inc. v. Junkermier, Clark, Campanella, Stevens, P.C.*, 2017 MT 125, ¶ 31, 387 Mont. 430, 395 P.3d 497 (*Draggin' Y II*) (citation omitted). A party waives a claim for disqualification other than for bias or prejudice "[i]f [the] party does not raise its disqualification claim 'within a reasonable time' of learning the facts underlying its claim." *Draggin' Y I*, ¶ 19 (quoting *State v. Dunsmore*, 2015 MT 108, ¶ 20, 378 Mont. 514, 347 P.3d 1220).

¶14 Hawkins asserts that Judge Snipes Ruiz lacked jurisdiction over the underlying matter because she accepted jurisdiction of the underlying case upon Judge Recht's invitation rather than assuming jurisdiction after the procedures outlined by § 3-1-805, MCA, were followed. Hawkins contends that allowing Judge Recht to select his successor contravenes the principles of judicial impartiality and maintaining fair tribunals. Northwestern argues that Hawkins waived contesting how Judge Snipes Ruiz was assigned to the case because Hawkins did not object to Judge Snipes Ruiz's assignment until filing

this appeal. Hawkins contends she did not waive objecting to Judge Snipes Ruiz's jurisdiction because she did not need to repeatedly argue that the presiding judge should be disqualified once she sought to disqualify Judge Recht.

¶15 Hawkins's argument that Judge Snipes Ruiz lacked jurisdiction because Judge Snipes Ruiz assumed jurisdiction upon Judge Recht's invitation rather than assuming jurisdiction pursuant to § 3-1-805, MCA, constitutes a procedural challenge that is subject to the timeliness requirement. Similarly, Hawkins's argument—that Judge Recht's involvement in selecting his successor contravenes the principles of judicial impartiality and maintaining fair tribunals—is also subject to the timeliness requirement because it effectively asserts that Judge Snipes Ruiz's impartiality might be reasonably questioned rather than asserting that Judge Snipes Ruiz held bias or prejudice against Hawkins. *See Draggin' Y I*, ¶ 18 (litigant's disqualification claim based on potential conflict of interest that allegedly created reasonable questions as to judge's impartiality was subject to waiver).

¶16 Hawkins knew from the moment that Judge Snipes Ruiz assumed jurisdiction over the case that she accepted jurisdiction upon Judge Recht's invitation, yet she never objected to Judge Snipes Ruiz's assignment until filing this appeal. Assuming, for the sake of argument, that Hawkins had a valid basis for objecting to Judge Snipes Ruiz's assumption of jurisdiction, she waived her objection by failing to raise her concerns within a reasonable time of discovering the information because she raised her concern for the first time on appeal.

8

¶17 Montana Uniform District Court Rule 2(c) provides that "[f]ailure to file an answer brief by the opposing party within the time allowed shall be deemed an admission that the motion is well taken." Rule 2(c) "allows a trial court discretion to either grant or deny an unanswered motion." *Marriage of Marez & Marshall*, ¶ 36 (citation omitted). Rule 2(c) cannot "convert a motion which is incorrect as a matter of law into a motion which is well taken as a matter of law." *State v. Pizzola*, 283 Mont. 522, 525, 942 P.2d 709, 711 (1997).

¶18 Hawkins does not dispute that she failed to file a response brief opposing Northwestern's motion to dismiss. Hawkins's failure to file a response brief permitted the District Court to deem Northwestern's motion as well taken and grant Northwestern's motion on this basis. Hawkins asserts numerous arguments that challenge whether it was legally correct under the Montana Rules of Civil Procedure to grant Northwestern's motion to dismiss, including that Northwestern waived its opportunity to argue that Rule 12(b)(6) required dismissal, that the District Court erred by not converting Northwestern's motion to dismiss into a motion for summary judgment, and that dismissing the case on procedural grounds constituted an unlawful sanction.

¶19 The consequence of failing to raise an argument in an initial Rule 12 motion depends on the type of defense omitted. M. R. Civ. P. 12(h)(1) provides that "[a] party waives any defense listed in Rule 12(b)(2)-(5) by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2)." *See also Garza v. Forquest Ventures, Inc.*, 2015 MT 284, ¶ 48, 381 Mont. 189, 358 P.3d 189 ("this Court's precedent makes clear that a party waives a [Rule 12(b)(2) defense] by failing to [timely object] as prescribed by M. R. Civ. P. 12") (citations omitted). Rule 12(g)(2) provides that "except as provided in Rule 12(h)(2) or

(3)," a party cannot file "another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion." Rule 12(h)(2) allows a party to assert the Rule 12(b)(6) defense—that the plaintiff "fail[ed] to state a claim upon which relief can be granted"—in ways other than a Rule 12 motion, including "(A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial."

¶20 We construe the Montana Rules of Civil Procedure in a manner that "secure[s] the just, speedy, and inexpensive determination of every action and proceeding." M. R. Civ. P. 1.

¶21 Hawkins correctly asserts that Northwestern failed to argue that the District Court should dismiss Hawkins's case for failure to state a claim under M. R. Civ. P. 12(b)(6) in its initial motion to dismiss. But the untimeliness of Northwestern's Rule 12(b)(6) argument did not require the District Court to deny Northwestern's motion without addressing its merits. The District Court did not abuse its discretion by considering Northwestern's second motion to dismiss because addressing the merits of the motion would have promoted judicial economy by narrowing multiple preliminary legal issues, including whether Hawkins could sue on behalf of the Olson Trust and whether Hawkins had pled sufficient facts to support the numerous theories of recovery she asserted in the Complaint. The District Court did not abuse its discretion by considering Northwestern's second motion to dismiss filed pursuant to M. R. Civ. P. 12(b)(6) under the circumstances.

¶22 Hawkins argues in the alternative that M. R. Civ. P. 12(d) required the District Court to convert Northwestern's motion to dismiss into a motion for summary judgment and to

10

provide her with a reasonable opportunity to conduct discovery because Northwestern attached and referenced matters outside the pleadings. Northwestern asserts the matters it introduced are not matters outside the pleadings because they are matters of public record.

¶23 "When considering a Rule 12(b)(6) motion to dismiss, district courts have discretion to consider matters presented outside of the pleadings." *Anderson v. ReconTrust Co., N.A.*, 2017 MT 313, ¶ 24, 390 Mont. 12, 407 P.3d 692 (citing *Ming Da Situ v. Smole*, 2013 MT 33, ¶ 29, 369 Mont. 1, 303 P.3d 747). If the district court considers matters outside the pleadings, it must notify the parties of its decision, treat the motion as one for summary judgment under M. R. Civ. P. 56, and afford the parties an opportunity to make the factual showing necessary to support or oppose the motion. *Anderson*, ¶ 24 (citing M. R. Civ. P. 12(d)). "Mere reference to a fact outside the pleadings having no bearing on the court's decision is insufficient to require conversion of a motion to dismiss to a motion for summary judgment." *Anderson*, ¶ 24 (citation omitted). "[W]e [do] not assume that a district court considered matters outside the pleadings absent some contrary showing or indication." *Anderson*, ¶ 24 (citation omitted).

¶24 We do not need to address whether the exhibits attached to and the factual statements within Northwestern's motion to dismiss introduced matters outside the pleadings because the matters had no bearing on the District Court's decision. Northwestern's factual statements and the attached exhibits were immaterial to the District Court's decision because the District Court granted Northwestern's motion on Hawkins's failure to file a response brief. Under these circumstances, the District Court did not abuse

11

discretion by not converting Northwestern's motion to dismiss into a motion for summary judgment.

¶25 The District Court did not abuse its discretion by considering Northwestern's motion to dismiss, deeming the motion as well taken, and dismissing the case because of Hawkins's failure to respond.[4]

¶26 Hawkins argues that the District Court erred in multiple respects by not allowing her to join Wallace as a plaintiff. Hawkins argues that M. R. Civ. P. 20 permitted her to join Wallace without leave of the court, that the September 2024 scheduling order issued by Judge Recht became void when Judge Snipes Ruiz assumed jurisdiction, and that good cause existed to extend the scheduling order's deadline to join parties because of the numerous outstanding motions and the issues concerning Judge Recht's alleged bias. Northwestern reiterates the District Court's reasoning to contend that the District Court correctly did not join Wallace as a plaintiff.

¶27 M. R. Civ. P. 16(b)(3)(A) requires the district court to set a scheduling order that establishes a timeline for the case, including a deadline to "join other parties." A scheduling order may only be modified for good cause and with consent of the judge. M. R. Civ. P. 16(b)(4). Whether good cause exists "depend[s] upon the totality of the facts and circumstances of a particular case." *Brookins v. Mote*, 2012 MT 283, ¶ 29, 367 Mont. 193, 292 P.3d 347 (citation omitted).

---

[4] Hawkins's argument that the District Court imposed an unlawful sanction by granting Northwestern's motion to dismiss has no merit. The District Court exercised its discretion to deem the unanswered motion as well taken under Montana Uniform District Court Rule 2(c) and dismiss the case rather than imposing a sanction under M. R. Civ. P. 11.

¶28 Hawkins sought to join Wallace as a plaintiff pursuant to M. R. Civ. P. 20. Rule 20(a)(1) allows a party to join the case as a plaintiff if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." We have stated that the "[s]tandards for permissive joinder under Rule 20 are to be liberally construed to promote trial convenience and judicial economy while preserving the substantial rights of the parties." *Est. of Burns*, ¶ 15 (citations omitted). "District courts have broad discretion over the joinder of proper parties under Rule 20." *Est. of Burns*, ¶ 15 (citation omitted).

¶29 The District Court did not allow Hawkins to join Wallace as a plaintiff because it reasoned that Hawkins sought to join Wallace after the September 2024 scheduling order's deadline to join parties had passed, that she failed to sufficiently support joinder of Wallace under Rule 20, and that her subsequent motion to vacate the September 2024 scheduling order did not show good cause to extend the deadline.

¶30 The District Court did not abuse its discretion by not joining Wallace as a plaintiff. The District Court correctly determined that Hawkins failed to join Wallace by December 1, 2024, as required by the September 2024 scheduling order. Hawkins's argument that the September 2024 scheduling order was void when Judge Snipes Ruiz assumed jurisdiction is contrary to the plain language of Rule 16(b)(4). Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent."

¶31 None of the judges who presided over the underlying matter issued an order that modified the September 2024 scheduling order, and Judge Snipes Ruiz did not err by

13

concluding that good cause did not exist to modify the September 2024 scheduling order under the circumstances. Hawkins failed to substantively establish that joining Wallace as a plaintiff under Rule 20 was appropriate because her joinder summarily asserted that Wallace was a co-trustee of the Olson Trust without providing any evidence to support this assertion. Northwestern presented information that indicated that adding Wallace as a plaintiff would hinder trial convenience and judicial economy; the information showed that Wallace had been deemed a vexatious litigant by this Court in *Wallace v. Law Offices of Bruce M. Spencer, PLLC*, 2021 MT 253, 405 Mont. 473, 495 P.3d 1047, and that Wallace had been suspended from practicing law in Montana in 2018. The numerous pending motions before the District Court and questions as to Judge Recht's jurisdiction over the matter may have stalled the case from moving beyond Northwestern's motion to dismiss, but the District Court did not err by determining good cause did not exist to modify the scheduling order when Hawkins failed to offer evidence to support joinder and Northwestern provided information that indicated that joining Wallace could impede the timely and orderly resolution of the case.

¶32 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct to the extent the District Court interpreted or applied the law. The District Court's ruling was not an abuse of discretion to the extent the District Court exercised its discretion. The District Court's April 24, 2025 Order is affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ CORY J. SWANSON
/S/ KATHERINE M. BIDEGARAY
/S/ INGRID GUSTAFSON
/S/ JIM RICE